

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-90,543-01

### EX PARTE MEAGAN RENA WORK, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. D-1-DC-14-301864-A IN THE 167TH DISTRICT COURT FROM TRAVIS COUNTY

*Per curiam*.

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of tampering with physical evidence and sentenced to imprisonment.

Applicant contends that she was denied her right to a direct appeal through no fault of her own. Applicant is represented by habeas counsel, who is also appellate counsel. The trial court has entered findings of fact and recommends that a late appeal be granted. The State is not opposed. The findings and recommendation are supported by the habeas record and applicable law. *Ex parte Axel*, 757 S.W.2d 369 (Tex. Crim. App. 1988); *Jones v. State*, 98 S.W.3d 700 (Tex. Crim. App. 2003).

Applicant is entitled to the opportunity to file an out-of-time appeal of the judgments of conviction in Cause No. D-1-DC-14-301864 from the 167th District Court of Travis County. Applicant is ordered returned to that time at which she may give a written notice of appeal so that she may then, with the aid of counsel, obtain a meaningful appeal. Within ten days of the issuance of this opinion, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall immediately appoint an attorney to represent Applicant on direct appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, she must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Delivered:      November 27, 2019

Do not publish